UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RAYMOND CLARK, # 227052 ) | |
| ) | |
| v. ) | NO. 2:06-CV-126 |
| ) | |
| TENNESSEE DEP'T OF CORR., DR. PAUL ) | |
| WILLIAMS, DR. OTIS CAMPBELL, ) | |
| NURSE PRACTITIONER SUE CHOFIN, ) | |
| WARDEN HOWARD CARLTON, and ) | |
| JERRY HAYES ) | |

### **MEMORANDUM**

This is a *pro se* state prisoner's civil rights complaint, 42 U.S.C. § 1983, alleging that plaintiff is being denied appropriate medical treatment at the Northeast Correctional Complex ("NECC"), where he is currently housed. Plaintiff has also submitted an application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, §§ 801-10, 110 Stat. 1321 (1996), a prisoner who has on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, shall not be permitted to

bring a civil action under the federal pauper statutes, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In other words, a prisoner who falls within the scope of § 1915(g) is not precluded from filing his lawsuit in federal court. He is, however, precluded from filing his lawsuit at taxpayer expense. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998), *cert. denied,* 525 U.S. 1139 (1999).

Records reflect that plaintiff is a frequent litigator, who has filed three prior civil rights actions in the Western District which have been dismissed on one of the above-enumerated grounds. *See Clark v.Corrections Corp. of America,* Civil Action No. 1-04-cv-1038 (W.D. Tenn. Sept. 2, 2004) (order dismissing case for failure to state a claim);[1] *Clark v.Corrections Corp. of America,* Civil Action No. 1-04-cv-1280 (W.D. Tenn. Aug. 2, 2005) (same); and *Clark v. Corrections Corp. of America,* Civil Action No. 1-04-cv-1300 (W.D. Tenn. July 26, 2006) (order dismissing case for failure to state a claim or as frivolous; finding the dismissal to be the third strike under § 1915(g); and granting a motion to prohibit plaintiff from filing future claims in that court *in forma pauperis*).

---

[1] Dismissals prior to the effective date of § 1915(g) count toward the "three strikes." *Wilson*, 148 F.3d at 604.

Therefore, the Court finds plaintiff is subject to the 3-strikes provision in § 1915(g), which means that he may not file this action *in forma pauperis* unless he is under imminent danger of serious physical injury.

Obviously anticipating that § 1915(g)'s three-dismissal rule would be applied to his lawsuit, plaintiff contends that he is in imminent danger of serious physical injury or harm. To support his imminent-danger claim, plaintiff asserts that he is infected with Hepatitis B and C viruses, which can lead to liver damage; cirrhosis of the liver; and, ultimately, death and that the defendants' failure to give him ordered treatment for this condition has caused him to suffer from a loss of appetite; nausea; abdominal swelling; pain; sleep disturbances; weight loss; dark urine; and bloody stools.

Important to the determination as to whether plaintiff's claims of "imminent danger" are credible is his factual contention that since February 4, 2003, when he entered into state custody, he has received no treatment for Hepatitis. *See* Compl. at 6, ¶ 14. This action was not submitted for filing until June 12, 2006. *See id.*, Ex. 2. Since the situation out of which the plaintiff's "imminent danger" claims arose supposedly existed in February of 2003, and since this action was not submitted until June of 2006 — over three years later, it is logical to conclude that plaintiff did

3

Case 2:06-cv-00126   Document 4   Filed 08/08/06   Page 3 of 5   PageID #: 3

not view himself to be in any <u>immediate</u> danger from the actions or omissions complained of. The Court will not deem him to be in any imminent danger of serious physical harm either.[2]

After reviewing the pleadings in this case, the Court does not find plaintiff's allegations of imminent danger of serious physical injury to be credible. Accordingly, because the "three-strikes" provision of 28 U.S.C. §1915 applies to this action, plaintiff's application to proceed *in forma pauperis* will be **DENIED** and this action will be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), without prejudice to plaintiff's filing of a fee-paid § 1983 complaint.

Finally, the same considerations that lead the Court to dismiss this complaint also compel the finding that any appeal taken in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Leave to appeal *in forma pauperis* will be **DENIED** and, thus, any notice of appeal taken from this decision must be

---

[2] Interestingly enough, among plaintiff's submissions is a memorandum, dated April 23, 2004, from James Boyette, the Health Administrator at the West Tennessee prison where plaintiff was formerly housed, which states: "Medical records reveal no ordered treatment for Hepatitis." And, in the "Factual Allegations" section of the complaint itself, plaintiff relates that he was informed on March 8, 2006, that his blood test results showed that he does not have Hepatitis. *Id*. at 6, ¶ 16.

accompanied by the full appellate filing fee of $455.00.

    A separate order will enter.


**ENTER**:

                                            <u>s/J. RONNIE GREER</u>
                                          UNITED STATES DISTRICT JUDGE